WHITE STAR LINE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 37851.   Promulgated June 23, 1930.

*H. A. Mihills*, *C. P. A.*, for the petitioner.
*P. A. Bayer*, *Esq.*, for the respondent.

OPINION.

STERNHAGEN: The respondent, after audit of petitioner's return for 1924, increased its net income from $6,344.28 to $16,448.28 by adding four items of income and applying two items of deductions. This resulted in the determination of a deficiency of $1,263.01. The petitioner attacks none of these adjustments, but seeks to overcome the deficiency by proving a new deduction not taken on its return or heretofore claimed.

The petitioner owned and operated five freight and passenger vessels on the Great Lakes. By reason of the increase of competi-

tive automobile traffic and the enactment of seamen's labor legislation, its business and profits began to decline in 1917. At the end of the season of 1924 it decided to discontinue operations and sell its boats. The boats were tied up as usual, in ordinary condition, at the end of the navigation season. In 1925 they were sold.

Petitioner argues that because the value of its operations was depressed by the economic forces mentioned, it had a deductible " loss of useful value " of its boats in 1924. Clearly, there was no realized or sustained loss in 1924. Ownership and possession remained in petitioner. There had been no abandonment or discarding of the property and there was no demonstration of either complete or partial worthlessness. Mere diminution of actual value of property owned would not be a sustained loss, even if the evidence here established such a diminution in the taxable year, which we think it does not. There was simply a determination to sell, which was carried through in 1925. Without attempting to find the extent to which so-called " loss of useful value " may be recognized as a deduction, it is clear that such an application of it as is here urged would stretch the statute to the breaking point. *W. H. Haskell*, 7 B. T. A. 697. See *Marigold Garden Co.*, 6 B. T. A. 368; *Baltimore County Jeffersonian Printing & Publishing Co.*, 8 B. T. A. 941; *Celluloid Co.*, 9 B. T. A. 989.

*Judgment will be entered for the respondent.*