THE OLEAN TIMES-HERALD CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 86897. Promulgated May 20, 1938.

*James P. Quigley, Esq.*, for the petitioner.
*V. F. Weekley, Esq.*, and *P. A. Bayer, Esq.*, for the respondent.

924

OPINION.

MURDOCK: The only issue is whether or not the Commissioner erred in disallowing a deduction of $15,573.41 as obsolescence on the Herald building for 1933. Section 23 (k) of the Revenue Act of 1932 permits the deduction of "a reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence." Those deductions are for the purpose of permitting a taxpayer to recover the cost of its property out of its earnings as the property is used up in its trade or business. The total of the deductions plus the salvage value at the end of the useful life of the property should equal the cost of the property. The computation of a proper deduction for any year requires knowledge of certain factors, the first of which is the cost of the property. The Commissioner contends that the cost of the Herald building has not been shown. He concedes that the petitioner's basis for gain or loss on the building and for depreciation is the same as the basis of its predecessor, the Herald, Inc., but he claims that the cost of the property to the Herald, Inc., has not been shown.

A deduction for the physical wearing out of a building is based upon the estimated physical life of the building. "A deduction for obsolescence can be allowed only where there is substantial reason to believe that the assets will become obsolete prior to the end of their ordinary useful life." *Frederick C. Renziehausen*, 8 B. T. A. 87; affd., 31 Fed. (2d) 675; affd., 280 U. S. 387. "Obsolescence as

used in the statute is the state or process of becoming obsolete, and the provision allowing a deduction therefor is intended to care for losses of capital which take place over a longer period than the taxable year." *Tennessee Fibre Co.*, 15 B. T. A. 133; *William Zakon*, 7 B. T. A. 687. Thus, it is necessary for one claiming such a deduction to establish a period longer than the taxable year over which period the asset is becoming obsolete and at the end of which period it will be obsolete. There must be some identifiable event marking the beginning of the period and indicating that at the end of the period the property will have become obsolete.

The evidence in this case does not show that any event happened in 1933 which indicated that at some time after 1933 the building in question would become obsolete. No period of obsolescence is established. There is no evidence from which a rate could be determined and the cost of the building is in doubt. The part of the building used for printing newspapers had not been used since 1931. The officers of the petitioner in 1933 simply decided that they would have no further use for the Herald job printing plant, so they dismantled it. The value and usefulness of the building was really the same at all times after January 1, 1932. Although the building had been constructed especially for a printing plant, it could be put to other commercial uses. A purchaser was found in 1935 who converted it to other uses at a cost of about $2,500. It was not abandoned in 1933, but was put up for sale. The petitioner has failed to show that the Commissioner erred in disallowing the deduction. Cf. *White Star Line*, 20 B. T. A. 111; *W. H. Haskell*, 7 B. T. A. 697; *Greenleaf Textile Corporation*, 26 B. T. A. 737; affd., 65 Fed. (2d) 1017.

The petitioner in its brief attempts to claim a much larger deduction on the theory that the building became completely obsolete in 1933 and the difference between the basis and $15,000, the amount which was obtained later for the land and building should be deducted for that year. That issue is not pleaded and consequently is not properly before the Board. A deduction on account of loss is entirely different from a deduction on account of obsolescence. No loss deduction can be allowed unless the property is discarded, abandoned, or sold. *Celluloid Co.*, 9 B. T. A. 989. The sale of the property in question took place in 1935. If there was a loss prior to the sale, then it took place prior to 1933. Statements by counsel would indicate that when the sale took place in 1935 the petitioner benefited from the loss only to the extent of $2,000, since the loss was a capital loss and there were no capital gains which it could offset. That circumstance, although unfortunate, is no reason for allowing a deduction for obsolescence in a prior year.

*Decision will be entered for the respondent.*