## CONSOLIDATED FREIGHT LINES, Inc., v. COMMISSIONER OF INTERNAL REVENUE.

### No. 8902.

Circuit Court of Appeals, Ninth Circuit.

Feb. 16, 1939.

Robert R. Rankin, of Portland, Or., for petitioner.

James W. Morris, Asst. Atty. Gen., and Sewall Key, Earl C. Crouter, and Edward F. McMahon, Sp. Assts. to Atty. Gen., for respondent.

Before GARRECHT, HANEY, and STEPHENS, Circuit Judges.

HANEY, Circuit Judge.

The question presented is whether or not a deduction from gross income may be taken for an alleged loss of a monopoly in the field of transportation for hire. The Board approved the disallowance of the loss by respondent.

In 1921 the State of Washington began to regulate motor carriers operating for the transportation of persons and property for compensation between fixed termini or over a regular route in that state. Regulation was effected by issuing or withholding certificates of public convenience and necessity. Issuance of such certificates to carriers operating on January 15, 1921 was required. Competitive lines could obtain certificates, after hearing, only when the existing line failed to provide satisfactory service. Certificates issued had a substantial value and could be sold, assigned, leased, transferred, inherited, mortgaged and were taxable as personal property. Laws of 1921, Ch. 111, p. 338. The effect of the act as described by the Board, "was to grant monopolies to those carriers in operation on January 15, 1921, and the first comers thereafter in other territory, and to perpetuate the monopolies in successors who acquired the certificates of public convenience and necessity by purchase or otherwise".

Pursuant to the act the several certificates involved herein were issued upon payment to the state of a $25 fee for each certificate.

Petitioner, a Washington corporation, was incorporated on August 29, 1929, and acquired prior to January 17, 1934, the above mentioned certificates at a cost of $84,388.98.

By Ch. 55 of the Extraordinary Session Laws of 1933, p. 138, which became effective January 17, 1934, the monopolistic characteristics which existed under the act of 1921 were destroyed. As a result, many competing common carriers by truck began operating over routes served by petitioner, petitioner's rates were reduced, and its tonnage decreased. The record does not disclose whether or not there was a corresponding decrease of profit.

In its income tax return for the year 1934, petitioner claimed that the destruction of the monopolistic rights by the 1934 act had destroyed the value of the certificates issued under the 1921 act, and therefore it had sustained a deductible loss in the amount of $84,388.98, the cost of the certificates to it. Respondent disallowed the deduction and assessed a deficiency in the sum of $11,927.19. The Board held: " * * * The monopolistic character of the certificates is not, so far as the record shows, a thing separate and apart from the right to carry on a business under them. In other words, there is no showing that the certificates were bought and sold like shares of stock or bonds which are so often held by the owner for income or appreciation without thought of his engaging in the business which gives value to the securities. Such monopolistic features as the certificates had were, in fact, effective only if the holder engaged in the business to which the certificate related. If he did not conduct the business authorized and did not do it in such a way as to furnish service satisfactory to the issuing department, certificates could be issued to others to serve

the same territory and thus destroy the petitioner's monopoly. Thus, the monopoly granted by the certificates can not be viewed as a thing separate and distinct from the other rights granted and duties imposed by them. The monopoly was only one element that gave them value."

It further held: "Assuming in the present case that the monopolistic features of the certificates issued under the 1921 statute had some value apart from the operative rights, and that the monopolistic features were destroyed by the 1934 legislation, the petitioner has not shown what part of cost is attributable separately to those features. Hence it has not established its basis for gain or loss."

Decision was entered in favor of respondent, and petitioner seeks review of such decision.

We think the Board's decision was right.

The certificates issued under the 1921 act conferred no monopoly. The language of the certificates, so far as is here material, simply stated that the applicant "is hereby authorized to furnish" a particular kind of service. No statement was contained therein that a monopoly was thus granted for such particular service. The authority granted by the certificate remained unchanged after the 1934 act. Petitioner retained the same authority to furnish the particular service after 1934 that it had before. No change, either enlarging or restricting rights under the certificates, was made by the 1934 act.

The monopoly enjoyed by petitioner sprang from the provisions of the 1921 act, which placed upon the appropriate state department the limitation that it could issue further permits to operate in the same territory "only when the existing auto transportation company * * * serving such territory will not provide the same to the satisfaction of" such department. Thus a rule of law specifying the duty of the department had the effect of creating a monopoly, not alone by issuance of the certificate, but coupled with the desire and ability of the certificate-holder to furnish the service to the "satisfaction" of the department. These latter things were merely means of effecting, not creating, the monopoly.

Destruction of the statute which put an end to the monopoly did not destroy the certificates, nor their value. The thing destroyed was the right of monopoly conferred by the statute, not by the certificate. What interest did petitioner have in the rule of law, declared by statute? "No person has a vested interest in any rule of law, entitling him to insist that it shall remain unchanged for his benefit. * * *" New York Central R. R. Co. v. White, 243 U.S. 188, 198, 37 S.Ct. 247, 250, 61 L.Ed. 667, L.R.A.1917D, 1, Ann.Cas.1917D, 629; Second Employers Liability Cases, 223 U. S. 1, 50, 32 S.Ct. 169, 56 L.Ed. 327, 38 L.R. A.,N.S., 44. Whatever right the statute conferred on petitioner was subject to the right of the state to change it. When petitioner purchased the certificates, it did not purchase a monopoly, but the means by which it might take advantage of a monopoly conferred by statute. It now has had no loss of such means, for they exist now as before. We think petitioner suffered no loss on the certificates, for the thing destroyed was not a part thereof.

Affirmed.