RICHARD A. DOW, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 27551.   Promulgated May 31, 1951.

G. K. Richardson, Esq., for the petitioner.
James R. McGowan, Esq., for the respondent.

HARRON, *Judge:* The petitioner seeks to invoke the benefit of section 23 (e) (3) of the Internal Revenue Code.[1]

The statute requires that if there is a casualty, a loss of property must result, and in order to obtain a casualty loss deduction, the taxpayer must establish the amount of the loss sustained. Under sections 29.23 (e)–1 and 29.23 (i)–1 of Regulations 111, a loss must be evidenced by a completed transaction, and the basis for determining a loss under section 23 (e) is the same as is provided by section 113 of the Code. It has been held that section 23 (e) (3) cannot be applied if there is no loss of property of a character which permits definite ascertainment and measurement in terms of money—see *Anne B. Richardson*, 1 B. T. A. 576, where a loss was denied a taxpayer who claimed that as a result of a storm the value of property was less— and where there is no "difference" between the adjusted basis of property, or value of property before a "casualty," and the value of the same property afterward, *Helvering* v. *Owens*, 305 U. S. 468. Also, under section 23 (e) there must be *sustaining* of a loss. See XV–1 C. B., pages 115, 117, G. C. M. 16255.

Assuming, but not deciding, that some event occurred in 1946 which comes within the meaning of the term "casualty" in section 23 (e) (3), we are unable to find that the petitioner *sustained* any loss during the taxable year in terms of a change in the value of his property. A temporary condition, which lasted about four months and which affected the water in the old well, developed, the cause of which is not entirely clear. But, before the end of the year, the well water cleared and was consumable, and the petitioner resumed the use thereof in his house.

The petitioner's chief contention is that the cost of drilling a new well, $1,232, is deductible. This contention is wholly without merit. There was no injury *per se* to the old well; only the water which came to it was temporarily contaminated. The old well has continued to serve its purpose until the present time. The amount of $1,232 which the petitioner desires to deduct was not expended in making repairs

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

* * * * * *

(e) LOSSES BY INDIVIDUALS.—In the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise—

* * * * * *

(3) of property not connected with the trade or business, if the loss arises from fires, storms, shipwreck, or other casualty, or from theft. No loss shall be allowed as a deduction under this paragraph if at the time of the filing of the return such loss has been claimed as a deduction for estate tax purposes in the estate tax return.

of the old well. It was expended in drilling a new well. The expenditure created an additional utility which was an asset. The value of the residential property was enhanced by the addition of a second well; or, at the least, the drilling of a new and better well cannot be said to have diminished in any degree the value of the property. The new well was available for use at any time the petitioner desired to install a pump and make other connections, and he has testified that he intends to make use of the new well eventually. It is held that the expenditure of $1,232 does not represent a loss under section 23 (e) (3). *Helvering* v. *Owens, supra.*

The balance of the total expenditure, $286.40, was the cost of obtaining water during the four months' period when the old well did not provide pure water. This expenditure does not represent a loss in the value of the petitioner's property. It represents only what it cost the petitioner to obtain water while the old well was out of order. Section 23 (e) (3) allows deduction only for the loss of property, and in our opinion the expenditure in question does not come within the scope of the section. The petitioner has not introduced evidence which shows the amount of any loss of property. It is held that a deduction in the amount of $286.40 is not allowable under section 23 (e) (3).

*Decision will be entered for the respondent.*