OPINION. Black, Judge: The question presented here is whether petitioner sustained a deductible loss by reason of the Supreme Court decision in Associated Press v. United States, sufra. Petitioner contends that when the Supreme Court took away the exclusive right to A. P. services in its community, its A. P. membership thereby became totally worthless; thus a completed transaction occurred which constitutes a loss under section 23 (f), I. R. C. Respondent contends although the A. P. franchise value might have been impaired, it did not become totally worthless and there is no provision in the Code whereby a partial loss could be deducted. The applicable statute and regulations are printed in the margin.[1] Petitioner retained and still retains its A. P. membership subsequent to the 1945 Supreme Court decision in the Associated Press case, sufra. The use of the A. P. services included numerous benefits, primarily the collecting, exchanging, and transmitting of the news services. The only effect of the Supreme Court decision is to make it easier for a competing newspaper to obtain A. P. membership. In fact, petitioner still remains the only A. P. member in its community, and its business and use of A. P. services have not diminished since 1945. The exclusivity of A. P. membership as originally provided in the by-laws is now illegal and no doubt its absence would reduce the membership sale value to a hypothetical buyer. After the Supreme Court decision came out in 1945, petitioner, on its books, reduced the book value of its A. P. franchise by $29,734.67, leaving it with a book value of $50,000. It is clear, of course, from decisions which we will presently cite that this mere diminution in value would not be the occasion for allowing petitioner any deductible loss. We could only allow petitioner a loss of its cost basis of its A. P. franchise by bolding that in the taxable year the franchise became entirely worthless. But petitioner’s continued use of A. P. and its many other benefits negates any claim of its worthlessness. .There has been no sale or any disposition of its A. P. membership. It still owns it and uses it in its newspaper business. We find that petitioner has an unrealized partial loss which results from reduction in sales value. Fluctuations in values of assets are ever present in our complex economic structure. That diminution in value as such is not deductible as a loss is almost axiomatic to the income tax law. J. C. Pugh, Sr., 17 B. T. A. 429, 434, affd. 49 F. 2d 76, certiorari denied 284 U. S. 642; White Star Line, 20 B. T. A. 111; Ewald Iron Co., 37 B. T. A. 798; and Gulf Power Co., 10 T. C. 852, 858. In a case which we think is here relevant a motor transport company acquired at considerable cost a certificate of necessity under a state statute, which was a prerequisite for entering business and in effect conferred monopolistic rights. The legislature subsequently took away only the monopolistic aspect of the certificate rights. Since the monopolistic and operating aspects of the certificates were completely enmeshed and the taxpayer’s right to stay in business continued, petitioner was not allowed any loss deduction. Consolidated Freight Lines, Inc., 37 B. T. A. 576, affd. 101 F. 2d 813, certiorari denied 308 U. S. 562. We think that under the facts which we have here and the law which is applicable, petitioner cannot be allowed the loss which it claims to have suffered from the Supreme Court decision in 1945. Reviewed by the Court. Decision will be entered, for the respondent. Internal Revenue Code. SEC. 23. DEDUCTIONS FROM GROSS INCOME. ******* (f) Losses by Corporations. — In the case of a corporation, losses sustained during the taxable year and not compensated for by insurance or otherwise. Treasury Regulations 111, section 29.23 (e) — 1 (which is made applicable to corporations by Treasury Regulations 111, section 29.23 (f) — 1) provides: In general losses for which an amount may be deducted from gross income must be evidenced by closed and completed transactions, fixed by identifiable events, bona fide and actually sustained during the taxable period for which allowed. Substance and not mere form, will govern in determining deductible losses. Full consideration must be given to any salvage value and to any insurance or other compensation received In determining the amount of losses actually sustained. * * *