## The STAR–JOURNAL PUBLISHING CORPORATION

v.

## The UNITED STATES.

### No. 610–52.

United States Court of Claims.
July 12, 1957.

Robert Ash, Washington, D. C., for plaintiff. Charles H. Burton, Washington, D. C., was on the brief.

William T. Kane, Washington, D. C., with whom was Asst. Atty. Gen. Charles K. Rice, for defendant. James P. Garland and J. W. Hussey, Washington, D. C., were on the brief.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

JONES, Chief Judge.

The single issue in this case is whether plaintiff was entitled to deduct for income and excess profits tax purposes losses[1] which it alleges were the direct

---

1. The applicable section of the Internal Revenue Code of 1939, as well as the applicable sections of the Commissioner's regulations follow:

"§ 23. Deductions from gross income.
"In computing net income there shall be allowed as deductions:

\* \* \* \* \*

"(f) Losses by corporations. In the case of a corporation, losses sustained during the taxable year and not compensated for by insurance or otherwise." 26 U.S.C.A. (I.R.C.1939) § 23(f).

Section 29.23(f)–1 of Regulations 111, provides in part as follows:

"Losses by corporations.—Losses sustained by domestic corporations during the taxable year and not compensated for by insurance or otherwise are deductible in so far as not prohibited or limited by sections 23(g), 23(h), 24(b), 112, 117, 118, and 251, 26 U.S.C.A. (I.R.C. 1939) §§ 23(g, h), 24(b), 112, 117, 118, 251. The provisions of sections 29.23

(e)–1 to 29.23(e)–5, inclusive, and section 29.23(i)–1 are in general applicable to corporations as well as individuals. \* \* \* \*"

Section 29.23(e)–1 of Regulations 111 provides in part as follows:

"Losses by individuals.— \* \* \*

"In general losses for which an amount may be deducted from gross income must be evidenced by closed and completed transactions, fixed by identifiable events, bona fide and actually sustained during the taxable period for which allowed. Substance and not mere form will govern in determining deductible losses. Full consideration must be given to any salvage value and to any insurance or other compensation received in determining the amount of losses actually sustained. \* \* \* \*"

Section 29.23(e)–3 of Regulations 111, provides in part as follows:

"Loss of useful value.—When, through some change in business conditions, the

result of the decision of the Supreme Court in the case of Associated Press v. United States, 1945, 326 U.S. 1, 65 S.Ct. 1416, 89 L.Ed. 2013.

In that case the Supreme Court held that the action of the Associated Press (hereinafter referred to as AP) in endeavoring to grant the exclusive right to any one of its members to the AP services in its community was illegal in that it was a restraint of trade in interstate commerce and, therefore, violated the terms of the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1–7, 15 note.

In 1918, plaintiff purchased the assets of an evening and Sunday newspaper published in Pueblo, Colorado, known as "The Pueblo Star-Journal." Included in the assets thus purchased was a membership certificate in the AP for an evening and Sunday newspaper. This carried with it the right to publication of news received from the AP between the hours of 9 a.m. and 7 p.m.

In 1933, the plaintiff purchased the physical assets of "The Chieftan Printing Company" which at the time published a morning, Sunday and weekly newspaper in Pueblo. Among the assets acquired in this purchase was included a membership certificate in the AP for a morning and Sunday newspaper, which gave the exclusive AP privilege between the hours of 7 p.m. and 9 a.m.

In order to simplify the issue, the respective litigants have stipulated that the AP membership acquired from the Star-Journal company in 1918 had a cost basis for income tax purposes of $39,000, and that the membership acquired in 1933 from The Chieftan Printing Company had a cost basis of $43,500 for tax purposes.

These franchises included two features, the first being the exclusive right to use the AP news free of competition from other newspapers in the designated area, and the second being the right of the plaintiff to receive AP news on a current basis for which the plaintiff and other AP members were and are currently assessed on a weekly pro rata basis. Since 1933 the plaintiff has continuously paid the AP weekly assessments for news for both morning and evening services.

In 1945, in compliance with the aforementioned Supreme Court decision, the AP changed its bylaws so that they no longer contained the exclusive privilege feature, and after that date provision was made in the bylaws of the AP so that competing newspapers in the same area could have the benefit of the AP news service if they paid the current assessments and otherwise met the requirements of membership.

The plaintiff continued to publish its newspapers after the decision of the

usefulness in the business of some or all of the assets is suddenly terminated, so that the taxpayer discontinues the business or discards such assets permanently from use in such business, he may claim as a loss for the year in which he takes such action the difference between the basis (adjusted as provided in section 113(b) and sections 29.113(a) (14)–1 and 29.113(b) (1)–1 to 29.113(b) (3)–2, inclusive) and the salvage value of the property. This exception to the rule requiring a sale or other disposition of property in order to establish a loss requires proof of some unforeseen cause by reason of which the property has been prematurely discarded, as for example, where an increase in the cost or change in the manufacture of any product makes it necessary to abandon such manufacture, to which special machinery is exclu-

sively devoted, or where new legislation directly or indirectly makes the continued profitable use of the property impossible. This exception does not extend to a case where the useful life of property terminates solely as a result of those gradual processes for which depreciation allowances are authorized. It does not apply to inventories. The exception applies to buildings only when they are permanently abandoned or permanently devoted to a radically different use, and to machinery only when its use as such is permanently abandoned. Any loss to be deductible under this exception must be fully explained in the return of income. The limitations provided in section 117 with respect to the sale or exchange of capital assets have no application to losses due to the discarding of capital assets."

Supreme Court as it had done previously. It retained its membership in the AP and has used its facilities in the publications. It has not disposed of its two memberships for AP service. It has not sold its publishing company. It does claim, however, that the Supreme Court decision in striking down the monopoly in AP news coverage which it theretofore enjoyed caused it to lose the cost of such memberships.

In 1946 and 1947, following the publication of the amendments of the by-laws of the AP, the plaintiff charged off against surplus the amount of its investments in AP franchises.

The plaintiff contends that the decision of the Supreme Court completely destroyed the sales value of the memberships, and that after that decision and the resultant change in the AP by-laws no one would buy a membership from the previous exclusive franchise holders as one could be secured from the AP itself if the other requirements were met and the dues paid. Therefore, plaintiff asserts that the price which it paid for these exclusive memberships has become a complete loss and that as a result it is entitled to an adjustment and refund of income and excess profits taxes for the years 1943 and 1945 in an amount that would result from permitting a deduction of the original franchise costs as ordinary business losses.

The defendant contends that from 1933 to date plaintiff has published the only daily and Sunday newspaper published in Pueblo, Colorado, and is still publishing the only daily and Sunday newspaper published in Pueblo, Colorado; that the plaintiff has not in any way disposed of its franchises; that it still uses them in Pueblo, Colorado, and therefore plaintiff has sustained no deductible loss.

The plaintiff admits that the Tax Court of the United States in three cases has refused to allow other newspapers a business loss deduction under section 23(f) of the Internal Revenue Code of 1939 by reason of the loss of the exclusiveness of their AP membership certificates and that these cases are as follows: Reporter Publishing Co. v. Commissioner, 18 T.C. 86, affirmed, 10 Cir., 1953, 201 F.2d 743; Independent Publishing Co. v. Commissioner, 1955 T.C. Memo. 274, affirmed, 4 Cir., 1956, 238 F.2d 238; The New York Sun v. Commissioner, 27 T.C. 319. It undertakes to distinguish the facts in these three cases from the case at bar. However, both the facts and the issues were so nearly the same that it is difficult to find any substantial difference. We quote from the opinion in the Reporter Publishing Company v. Commissioner, supra, 18 T.C. at pages 90 and 91:

"* * * It is clear, of course, from decisions which we will presently cite that this mere diminution in value would not be the occasion for allowing petitioner any deductible loss. We could only allow petitioner a loss of its cost basis of its A. P. franchise by holding that in the taxable year the franchise became entirely worthless. But petitioner's continued use of A. P. and its many other benefits negates any claim of its worthlessness. There has been no sale or any disposition of its A. P. membership. It still owns it and uses it in its newspaper business.

"We find that petitioner has an unrealized partial loss which results from reduction in sales value.

"Fluctuations in values of assets are ever present in our complex economic structure. That diminution in value as such is not deductible as a loss is almost axiomatic to the income tax law. J. C. Pugh, Sr., 17 B.T.A. 429, 434, affirmed [5 Cir.], 49 F.2d 76, certiorari denied, 284 U.S. 642 [52 S.Ct. 22, 76 L.Ed. 546]; White Star Line, 20 B.T.A. 111; Ewald Iron Co., 37 B.T.A. 798; and Gulf Power Co., 10 T.C. 852, 858."

In the case of Independent Publishing Co. v. Commissioner, supra, in which the Tax Court decision, adverse to plaintiff in a similar case, was upheld by the

Court of Appeals for the Fourth Circuit in a *per curiam* opinion, we find at page 239 of the Circuit Court opinion in 238 F.2d, the following language:

"We think that the decision of the Tax Court was correct and should be affirmed. It was shown therein that the loss was not realized within the meaning of the tax statute and regulations, in that the asset was retained and used by the taxpayer in carrying on its business. See also the prior decision of the Tax Court in Reporter Pub. Co. v. Commissioner, 18 T.C. 86, affirmed by the Tenth Circuit, 201 F.2d 743.

"There is no merit in the taxpayer's contention that the earlier decision was erroneous because it failed to take into account the fact that the bylaws of the Associated Press which constituted the membership contract between the Associated Press and its members, were amended after the decision of the Supreme Court in order to comply therewith. We agree with the conclusion of the Tax Court in the pending case that this circumstance amounted only to an elimination of the non-competitor provision of the original contract and that no loss was realized within the meaning of the tax statutes because the membership was not discarded but was continued for use in the taxpayer's business."

To the same effect in a very similar case involving the same issue was the decision in the New York Sun v. Commissioner, supra.

In the light of these decisions in which it has been uniformly held in very similar fact situations that plaintiffs were not entitled to the deduction, we are unable to conclude that plaintiff has sustained such a loss as is deductible under the Internal Revenue Code.

The question also arises as to whether one should be prohibited from deducting as a loss money spent in securing an illegal privilege. However, for the reasons hereinbefore set forth, we find it unnecessary to pass upon this issue.

Plaintiff is not entitled to recover. Its petition is dismissed.

It is so ordered.

LARAMORE, MADDEN, WHITAKER and LITTLETON, Judges, concur.