DAVID ARTHUR ADAMS and JOAN M. ADAMS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Adams v. Commissioner
Docket No. 9881-75.
United States Tax Court
T.C. Memo 1977-308; 1977 Tax Ct. Memo LEXIS 131; 36 T.C.M. (CCH) 1219; T.C.M. (RIA) 770308; September 13, 1977, Filed David Arthur Adams and Joan M. Adams, pro se. Daniel P. Ehrenreich, for the respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined a deficiency in the Federal income tax of petitioners *132 in the amount of $21,531.51 for the calendar year 1973. Certain issues were conceded by petitioners. The only issues remaining for decision are whether petitioners sustained a casualty loss in 1973 within the meaning of section 165(c)(3), I.R.C. 1954, [1] caused by the construction of a highway near their home, and if so the amount of that loss. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. David Arthur Adams and Joan M. Adams, husband and wife, filed a joint Federal income tax return for the calendar year 1973 with the Director, Internal Revenue Service Center at Andover, Massachusetts. At the time of filing their petition in this case, they resided in Greenwich, Connecticut. In the early 1960's petitioners purchased unimproved real property on Cutler Road near Greenwich, Connecticut. The contiguous parcel consisted of approximately 5.36 acres, of which approximately 4.64 acres were located in Greenwich, Connecticut, and the remaining 0.72 acres were located in Westchester County, New York. The purchase price of the *133 land was $8,500. During 1966, petitioners began construction of a personal residence on this property. Mr. Adams, a licensed professional engineer, acted as the general contractor for the construction and used subcontractors to perform the various phases of construction. The cost of the initial construction of the home was $42,000. It was completed in 1967. In addition to the initial cost of construction, petitioners have expended sums of $8,000 for landscaping, $27,000 for subsequent improvements and alterations to the home, and $4,000 for architectural and surveying fees. Petitioners also did some of the work in making improvements to the home themselves. The residence as finally constructed by petitioners has a total living area of 3,450 square feet and, in addition, contains workshop of 350 square feet and a 2-car carport. The home is a wooden frame house built from cedar. Both at the time petitioners purchased the property and when they began construction of the house they were aware that Interstate Highway 684 was planned for construction in very close proximity to their property. By the time petitioners had begun construction on their home in 1966, surveying work *134 had begun on the highway. The principal construction of the highway occurred between 1968 and 1971, after petitioners had completed construction of their home. Petitioners' home is the closest home in Greenwich, Connecticut, to the interstate highway. Although the portion of the highway nearest petitioners' property was opened in 1972, the full traffic pattern did not become apparent until 1973 when an additional link of Interstate 684 was completed. At that time the portion of the highway near their home became a part of the preferred route for truck traffic from the New York City area to subsidiary depots in Brewster, New York. As a result of this, the traffic and accompanying noise increased greatly. In 1974 petitioners sought a reassessment of their property from the Board of Tax Review of Greenwich, Connecticut, because they felt that the increase in noise from trucks passing on the nearby highway had caused a reduction in the fair market value of this property. The assessed value of petitioners' home was reduced in 1975. [2]
*135 Petitioners have not attempted to sell their property. They and others from their locale have sought to have noise reduction equipment installed on the highway and to have the road resurfaced to reduce the noise, but they have not been successful. Petitioners have not attempted to recover damages from any of the authorities responsible for the construction of the highway. On petitioners' 1973 Federal income tax return, they deducted $45,000 as a casualty loss caused by the noise from the interstate highway. Petitioners explained the deduction as follows: Fair value of property before
onset of I-684 & unlawful noise
level.
$130,000
Currently most optimistic saleable
value after onset of I-684 pollution.
85,000
Casualty Loss
$ 45,000
Respondent in the notice of deficiency mailed to petitioners disallowed the claimed casualty loss deduction with the following explanation: The $45,000.00 loss resulting from the decrease in the fair value of your residence due to the noise pollution from I-684 is not allowable since it has not been established that the alleged loss resulted from a casualty within the meaning of section 165 of the Internal Revenue Code *136 and, in any event, it has not been established that any deductible loss was sustained. OPINION Section 165(a) provides a deduction for "any loss sustained during the taxable year and not compensated for by insurance or otherwise." However, individuals, such as petitioners, are restricted in their deduction by subsection (c) of section 165, which limits the deduction to: (1) losses incurred in a trade or business; (2) losses incurred in any transaction entered into for profit, though not connected with a trade or business; and (3) losses of property not connected with a trade or business, if such losses arise from fire, storm, shipwreck, or other casualty, or from theft. A loss described in this paragraph shall be allowed only to the extent that the amount of loss to such individual arising from each casualty, or from each theft, exceeds $100. For purposes of the $100 limitation of the preceding sentence, a husband and wife making a joint return under section 6013 for the taxable year in which the loss is allowed as a deduction shall be treated as one individual. No loss described in this paragraph shall be allowed if, at the time of filing the return, such loss has been *137 claimed for estate tax purposes in the estate tax return. Petitioners have asserted a deduction only as a casualty loss under section 165(c)(3). They assert that a decline in the fair market value of their home, allegedly caused by completion of Interstate Highway 684 near their home, was such a casualty loss. The evidence of any decline in value of petitioners' home is at best sketchy. Certainly such evidence as is contained in this record is totally inadequate to show the fair market value of their home immediately before and after the opening of Brewster's link of Interstate Highway 684, the "event" which petitioners contend was an "other casualty" within the meaning of section 165(c)(3). This fact alone is sufficient to cause us to conclude that petitioners have failed to establish a casualty loss under section 165(c)(3) in the year 1973. However, even if petitioners had shown a decrease in the value of their home in 1973, we would sustain respondent's disallowance of their claimed deduction because petitioners have failed to establish that they incurred a loss as a result of a casualty within the meaning of section 165(c)(3). The term "other casualty" used in section *138 165(c)(3) is not expressly defined either in the statute or in the regulations. However, the use of this term in conjunction with "fire, storm, shipwreck" provides a standard against which to compare an event claimed to be a casualty. Only events similar to fire, storm or shipwreck were intended to qualify under the statute. Durden v. Commissioner,3 T.C. 1, 3-4 (1944). The construction and opening of an interstate highway does not in any significant way resemble these occurrences. In Matheson v. Commissioner,54 F.2d 537 (2d Cir. 1931), affirming 18 B.T.A. 674 (1930), the Court of Appeals stated that a casualty under the predecessor of section 165(c)(3) is "an event due to some sudden, unexpected, or unusual cause." Mr. Adams' own testimony shows that the presence of the highway near petitioners' home was not unexpected. Also, although traffic may have increased substantially upon the opening of the Brewster link of the interstate highway in 1973, we cannot agree with Mr. Adams' assessment that the resulting noise was sudden in its occurrence. On the contrary, the noise is a continuing problem that has differed only in degree over the *139 entire period during which the portion of the highway near petitioners' home has been open. Mr. Adams testified that highway noise levels on his property exceed Federal standards according to measurements he made. Assuming the measurements made by Mr. Adums were accurate, there is no evidence that highway noise in excess of Federal standards is unusual. In our view the continuing levels of noise on petitioners' property are not events of the accidental character necessary to be considered a casualty within the meaning of section 165(c)(3). An additional ground for upholding respondent's disallowance of petitioners' claimed casualty loss deduction is that petitioners have not established a loss as distinguished from a possible decline in economic value of their home. A loss allowable as a deduction under section 165(a) "must be evidenced by closed and completed transactions" and "fixed by identifiable events." Section 1.165-1(b), Income Tax Regs. See Dow v. Commissioner,16 T.C. 1230 (1951). Petitioners complain only of a reduction in fair market value of their home, not fixed by sale or condemnation. See White Star Line v. Commissioner,20 B.T.A. 111 (1930). *140 The property has not been lost or physically damaged. See Broido v. Commissioner,36 T.C. 786 (1961). Insofar as this record shows, any decrease in value of petitioners' home which may have occurred is temporary. See Dow v. Commissioner,supra.No deduction is allowable where there is merely a fluctuation in value. Peterson v. Commissioner,30 T.C. 660 (1958). The only event that petitioners contend marks their "casualty" is the opening of the interstate highway to Brewster. It is obvious that this event did not cause any physical damage to petitioners' home. The property itself remained intact and fully subject to future recovery of value. See Pulvers v. Commissioner,48 T.C. 245 (1967), affd. 407 F.2d 838 (9th Cir. 1969). We find that petitioners have not yet sustained any loss of their property entitling them to a deduction under section 165. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. Mr. Adams testified that in 1975 the assessment of the property was reduced by 30 percent to $78,500. He further testified that the method of assessment in Greenwich is such that the fair market value as determined by the assessing authorities is 1.35 times the assessed value. On petitioners' 1973 Federal income tax return, dated April 9, 1974, the assessed value of the property was stated to be $89,500 in Connecticut and $6,400 in New York. These figures are apparently inconsistent, and the record does not clarify the inconsistency.↩