JOHN C. LAURIE AND ANITA LAURIE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Laurie v. Comm'r
Docket No. 4497-79. United States Tax Court
T.C. Memo 1981-239; 1981 Tax Ct. Memo LEXIS 505; 41 T.C.M. (CCH) 1482; T.C.M. (RIA) 81239; May 13, 1981. *505 Held, amount of casualty loss deduction determined. Ralph W. Levinson, for the petitioners. George W. Connelly, Jr., for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined a deficiency of $ 8,857.99 in petitioners' 1976 Federal income tax. After concessions, the sole issue for decision is whether petitioners are entitled to a casualty loss deduction under section *506 165(a). [1]
FINDINGS OF FACT Some of the facts have been stipulated and found accordingly. Petitioners John C. and Anita Laurie, husband and wife, resided in Orchard Park, New York, when they filed their 1976 joint Federal income tax return with the Internal Revenue Service Center, Andover, Massachusetts, and when they filed their petition in this case. In 1971, petitioners purchased 18.1 acres of unimproved real property in Orchard Park, New York, for $ 16.500. This property was heavily wooded and contained approximately fifty feet of purple concord grape vines. Petitioners intended to build their residence on the property and to retain the entire 18.1 acres for recreational purposes. In May 1975, petitioners began construction of their residence on a natural clearing on the property, acting as their own general contractor. In the fall of 1975, construction of the residence was substantially completed, and petitioners occupied the residence at that time. Petitioners incurred construction costs of $ 105,126.33 during 1975. During 1976, further expenditures were made, and the total *507 cost of the residence at the end of that year was $ 109,193.24. On or about March 2, 1976, petitioners' real property was demaged by a severe ice storm that struck the entire area of Erie County, New York. The storm killed or injured a substantial number of the trees and all of the grape vines on the property. In addition, many of the trails on the property which petitioners had used for recreational purposes were ruined, and the loss of trees resulted in significant erosion. Petitioners did not receive any compensation for the damage from insurance or otherwise. Although petitioners have not fully repaired the damage caused by the ice storm, they have replaced some of the trees and the grape vines lost in that storm. Sometime after the storm, petitioners also purchased a used International Harvester tractor for $ 3,000 that Mr. Laurie has used to remove dead trees, to clear trails, and for general landscaping of the property. On their 1976 return, petitioners claimed a casualty loss deduction of $ 21,950 based on an estimate of the cost to repair the storm damage that they had obtained from their neighbor, a landscaper. In the notice of deficiency, respondent disallowed *508 the claimed deduction. ULTIMATE FINDING OF FACT Petitioners sustained a casualty loss of $ 4,000 in 1976 as a result of the ice storm. OPINION We must decide whether petitioners are entitled to a casualty loss deduction under section 165(a) for damages inflicted upon their property by an ice storm in 1976. Section 165(a)allows a deduction for "any loss sustained during the taxable year and not compensated for by insurance or otherwise." Pursuant to section 165(c)(3), an individual is allowed a deduction under section 165(a) for losses of nonbusiness property arising from fire, storm, or other casualty to the extent that loss from each casualty exceeds $ 100. Although respondent concedes that petitioners suffered a casualty loss as a result of the ice storm, he maintains that they have failed to prove the amount of that loss. Consequently, the sole issue is the amount of the casualty loss deduction, if any, to which petitioners are entitled for 1976. In the event of a casualty with *509 respect to nonbusiness property, the proper measure of the loss sustained is the difference between the fair market value of the property immediately before the casualty and its fair market value immediately thereafter, but not in excess of the adjusted basis of the property. Helvering v. Owens, 305 U.S. 468, 471 (1939); Pfalzgraf v. Commissioner, 67 T.C. 784, 787 (1977); section 1.165-7(b)(1), Income Tax Regs. For purposes of determining the amount of the loss sustained with respect to a casualty involving nonbusiness real property and improvements thereon, "the improvements (such as buildings and ornamental trees and shrubbery) to the property damaged or destroyed shall be considered an integral part of the property * * * and no separate basis need be apportioned to such improvements." Sec. 1.165-7(b)(2)(ii), Income Tax Regs. See also Western Products Co. v. Commissioner, 28 T.C. 1196 (1957). Generally, the relevant fair market values shall be ascertained by competent appraisals. Sec. 1.165-7(a)(2)(i), Income Tax Regs.
In addition, *510 section 1.165-7(a)(2)(ii), Income Tax Regs., provides that the cost of repairs to the damaged property is acceptable as evidence of the loss of value if: (a) the repairs are necessary to restore the property to its condition immediately before the casualty, (b) the amount spent for such repairs is not excessive, (c) the repairs do not care for more than the damage suffered, and (d) the value of the property after the repairs does not as a result of the repairs exceed the value of the property immediately before the casualty. The "cost of repairs" method may be used to ascertain the amount of the casualty loss only if the repairs and expenditures are actually made; mere estimates are not enough. Lamphere v. Commissioner, 70 T.C. 391, 396 (1978). Clearly, the burden of proving the amount of the loss sustained rests upon petitioners. Burnet v. Houston, 283 U.S. 223, 227 (1931); Rule 142(a), Tax Court Rules of Practice and Procedure. In the instant case, the record does not contain *511 any appraisal of the loss of value attributable to the ice storm. Furthermore, petitioners failed to prove the amount of expenditures they have incurred in repairing the damage caused by the storm. On brief, respondent conceded that petitioners proved that they spent $ 649 to replace trees killed by the storm. While on the record before us it is clear that petitioners made expenditures in excess of that sum, the evidence submitted to this Court does not establish the amount thereof. During the trial, Mrs. Laurie testified regarding the repairs that petitioners have actually made, but her testimony was too vague to allow an exact determination of petitioners' expenditures for repairs.
Although petitioners purchased a tractor that Mr. Laurie has used to repair some of the damage caused by the storm, that purchase represents the acquisition of a distinct capital asset, and not merely an expenditure incurred to repair the damage to the property. Compare Dow v. Commissioner, 16 T.C. 1230, 1233-1234 (1951). Moreover, petitioners failed to prove that a specific amount of the tractor's cost is allocable to their expenditures for repairs. Petitioners presented no evidence *512 as to the age or useful life of the tractor at the time they acquired it or the extent to which the tractor has been used for general landscaping as opposed to the restoration of the property. Accordingly, petitioners have failed to prove that any part of the $ 3,000 purchase price of the tractor constitutes an expenditure for repairs within the meaning of section 1.165-7(a)(2)(ii), Income Tax Regs.
Finally, while petitioners offered estimates of the amount it would cost to repair the damage to their property, such evidence is insufficient to prove the amount of the loss sustained. Consequently, petitioners' casualty loss cannot be precisely determined from the record herein. Nevertheless, it is clear that petitioners suffered a loss in excess of the $ 649 ocnceded by respondent as a result of the ice storm, and therefore, we find it appropriate to approximate the amount thereof from the information available to us. See Cohan v. Commissioner, 39 F. 2d 540 (2d Cir. 1930); cf. Heyn v. Commissioner, 46 T.C. 302, 310 (1966); Millsap v. Commissioner, 46 T.C. 751, 760 (1966), affd. without discussion *513 of this issue 387 F. 2d 420 (8th Cir. 1968). [2] Accordingly, bearing heavily against petitioners whose inexactitude is of their own making, we find that they sustained a casualty loss of $ 4,000 in 1976, and therefore, petitioners are entitled to a casualty loss deduction of $ 3,900. To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. See also Pickering v. Commissioner, T.C. Memo. 1978-427, affd. by unpublished order 614 F.2d 1289 (2d Cir. 1979), cert. denied 444 U.S. 1008↩ (1980).